Chief Justice Robertson,
delivered the opinion of the court.
The plaintiffs in error, as heirs of Robert Morrow, deceased, sued out a joint s if facias against the defendant, as administrator of Thomas Starke, to revive a judgment which they had jointly obtained against him for damages. He pleaded that he bad paid one of the plaintiffs the whole amount of the judgment, before the emanation of the scire facias; a demurrer to this plea was overruled, and thereupon, the plaintiffs failing to reply, judgment was rendered against them on the demurrer.
We concur with the circuit court.
A payment of the whole debt, to one of several joint obligees or creditors extinguishes the rights of all, because each has a right to receive the whole amount.
It is not material, whether the rights of the heirs in ibis case, were origin-lly joint or several. If they bad been distributive, they have been consolidated by the joint suit and joint judgment; and the legal pre *368 sumption is, that tbe right was joint before it was merged in the judgment. When the right is several, the judgment or decree should be several. But, when-éver the judgment or decree is joint, a payment “in totidem,” to any one of the joint creditors is a payment to all.
■Mills and Brown. for plaintiffs-*
The debtor is not bound to bunt up eacb of tbe joint creditors, and tender to him his distributive portion of the joint judgment.
Wherefore, if, as alleged in the plea, the defendant made a bona fide payment of the entire judgment to any one of the plaintiffs, he thereby discharged thé judgment.
Judgment affirmed.